By the Court—Moncrief, J.
The Judge charged, in effect, that, although goods to the amount of $2,310 were to be delivered before any notes were to be given to the plaintiffs, yet if the defendant was in truth the purchaser, and refused to give notes for the goods actually delivered, on demand thereof, alleg *65 ing, as the sole ground of such refusal, that Colquitt was the purchaser, and that the defendant was not such purchaser, then the plaintiffs were entitled to recover.
The jury have found that the defendant, and not Colquitt, was the purchaser. It was to him, therefore, and not to Colquitt, that a delivery or tender of the residue of the chairs was to be made, if to be made to any one.
When the defendant answered a demand for notes for the price of the chairs which had been delivered by a denial that he had bought those actually delivered, he took a position which dispensed with the necessity of an offer to deliver more chairs. (Crary v. Smith, 2 Comst., 60-65; Meserole v. Archer, 3 Bosw., 376.) It would be an idle ceremony to offer to deliver chairs to a person who then denied that he had contracted to buy them, and who also denied that he had bought those already delivered, and on that ground refused to pay for them.
There was no dispute as to the fact that the plaintiffs demanded of the defendant notes for the chairs delivered, and that he denied being the purchaser of them.
On such a state of facts, it is idle to insist that the plaintiffs should have offered then to deliver to the defendant the balance of the chairs. The answer that would have been given is involved in what the defendant had already affirmed, viz., that he was not the purchaser: none had been delivered to him as the purchaser, and he would not take any as purchaser.
There was, therefore, nothing in the evidence calling for the instructions first and secondly requested.
The instruction last requested, it was not error to refuse to give. The notes of Machado & Company, for the chairs actually delivered, had been demanded after their failure. The plaintiffs at no time refused to receive them, or to deliver chairs for them. Their right to recover does not depend upon their right to rescind any contract which they made. It is based on the defendant’s refusal to perform his contract, as the purchaser of goods sold and delivered to him by the plaintiffs.
There is no exception which involves any question relating to the measure of damages; and the appeal brings before us questions of law only. For the reasons stated, the judgment should be affirmed.
Judgment affirmed, with costs.